IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GEORGE LEVY, ET AL. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:14-CV-00580 |
| | § | |
| AERION RENTAL SERVICES,LLC | § | Jury Demanded |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S FIRST AMENDED FEDERAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, George Levy, individually, and on behalf of similarly situated present and former employees, hereinafter referred to as "Plaintiffs" complaining of AERION RENTAL SERVICES, LLC., and would show unto the Court the following:

### SUMMARY

1. Aerion Rental Services, LLC employs workers to businesses in the oil drilling industry that provide services in the area of solids control. Some of these workers are paid a flat amount for each day they work. These are day rate workers who regularly work more than 40 hours per week but are only paid a flat rate for the days they work. They are not paid proper overtime and/or wages.

2. Defendant's practice of paying workers a day rate, with no overtime pay, violates the Fair Labor Standards Act (FLSA). This collective action seeks to recover the unpaid wages and other damages owed to these workers, including liquidated damages and attorneys' fees.

1

**PARTIES**

3.  Plaintiff is an individual who resides in the State of Texas. Plaintiff and all similarly situated Plaintiffs were classified as and worked as a Solids Control Operator a/k/a Closed Loop Operator and/or other similar title and which identifies the class of all similarly situated present and former employees.  His consent was previously filed with his Original Complaint.

4.  Defendant AERION RENTAL SERVICES, LLC., is a company doing business in Texas.  Defendant operated a District Office located at 22 Corgey RD, Pleasanton, Texas, where Plaintiff was employed. Defendant was originally served with process by serving Defendant's registered agent for service:

> Ben Bernard
> Registered Agent for Aerion Rental Services, LLC
> 102 Annonce St.
> Lafayette, La. 70507

Subsequently, Defendant objected and filed a Motion to Dismiss asserting that Defendant was not properly served in that the citation was served by an employee of Plaintiff's firm.  Defendant did not recognize that Mr. Bernard was the registered agent for service, also asserting that Defendant was served by only improperly serving its President.

As a result, Defendant was reserved by an independent process server, Scott C. Frank, by personally serving its registered agent, Mr. Bernard, on August 14, 2014 (See Dkt 10), which satisfies and eliminates any argument raised in the Motion to Dismiss, which Motion should be denied.

## VENUE AND JURISDICTION

5. Pursuant to 28 USC Sec. 1391(b): Venue is proper in Atascosa County, Texas, and this district in that all or a substantial part of the events or omissions giving rise to this cause of action occurred in Atascosa County, Texas. Moreover, venue is proper in Atascosa County, Texas, in that Defendant conducts business in that County and Plaintiff was employed by Defendant's office at 22 Corgey Rd, Pleasanton, Texas.

6. This Court has jurisdiction pursuant to 28 U.S.C. section 1331 and  29 U.S.C. Sec.216(b).

## MISNOMER/MISIDENTIFICATION

7. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## RESPONDEAT SUPERIOR

8. Employees involved in this cause of action were, at all times described herein, employees and vice-principals of defendant(s) and were at all times acting in the course and scope of that employment.  Accordingly, defendant(s) are liable for such conduct under the doctrine of *Respondeat Superior*.

3

## FACTUAL BACKGROUND

9. At all times relevant to this lawsuit, Defendant, its agents and employees, were aware of the acts and omissions alleged herein, and through its authorized employees, agents, officers, executives, or representatives, knowingly formulated, participated in, and/or approved the wrongful and illegal conduct complained of herein.

10. Defendant is a service provider in the oil and gas industry.

11. In each of the past three years, Defendant's gross revenues have each exceeded $1,000,000 per year and Defendant is involved in Interstate Commerce.

12. Plaintiff is a former employee of Defendant who worked out of Defendant's district office located at 22 Corgey RD, Pleasanton, Texas.

13. Over the past three years, Defendant has employed dozens of persons, including Plaintiff Levy, as Day Rate Workers, in Texas, Louisiana, Ohio, and North Dakota. Any potential opt-ins also performed work in Texas, Louisiana, Ohio and North Dakota

14. Day Rate Workers are only paid a flat day rate for the days they work and not paid overtime at one and one half their hourly rate for hours worked over 40 hours per week. Moreover, any wage rate paid and/or overtime was not properly calculated.

15. Plaintiff and all similarly situated employees worked as solid control employees also known as 'Closed Loop' employees, or 'sit hands' or other similar titles or names, which identifies the classes of all similarly situated present and former employees.

16. Solids control operators / Closed Loop operators and/or other similar titles or names for the position worked at oil filed drilling sites during the drilling process with job

duties that involved installing, operating, maintaining, and rigging down solids control equipment. The equipment filtered cuttings, rocks and solid materials from drilling fluids during the oil drilling operation. No mud was intended to hit the ground, so the system is often referred to as a Closed Loop System.

17. The equipment was on the drilling location to operate 24 hours a day. Plaintiff and Day Rate Workers regularly worked over 40 hours per week.

18. Defendant knows that Plaintiff and Day Rate Workers work more than 40 hours per week. Their records reflect this fact.

19. Defendant knows the Day Rate Workers are not exempt from the Fair Labor Standards Act's (FLSA's) overtime provisions.

20. Defendant paid Plaintiff and similarly situated employees a day rate, with no overtime pay.

21. Plaintiff Levy brings this action on behalf of himself and all other similarly situated Solids control operators  / Closed Loop operators or other similar titles for the position who were paid a day rate (Day Rate Workers). Defendant paid the Day Rate Workers a flat amount each day worked with no overtime premium for hours worked in excess of 40 hours per week.

22. Levy will fairly and adequately protect the interests of the FLSA Class. He has retained counsel who is experienced and competent in the FLSA class action field and employment litigation.

23. Levy has no interests contrary to or in conflict with, the members of the classes. Like each member of the proposed class, Levy has an interest in obtaining the unpaid

overtime wages owed under the FLSA and other related damages such as liquidated damages and attorneys' fees.

## COLLECTIVE ACTION

24. The practice of paying non-exempt workers a day rate, with no overtime pay, violates the FLSA.

25. Defendant's day rate policy affects all the Day Rate Workers in a similar manner. Plaintiff Levy and the other Day Rate Workers are similarly situated for the purposes of their overtime claims.

26. Plaintiff would show that Defendant employed the class of similarly situated Day Rate Workers through-out the United States, including, but not limited to, in Texas, Louisiana, Ohio, and  North Dakota.

27. The collective action is properly defined as:

**All Day Rate Workers employed by defendant since June 22, 2011.**

## CAUSE OF ACTON

28. By failing to pay Levy and the other similarly situated Day Rate Workers overtime at one-and-one-half (1/2) times their regular rates or other applicable rates for overtime under the FLSA, Defendant violated the FLSA's overtime provisions.

29. Defendant owes Levy and the other Day Rate Workers the difference between the rate actually paid and the proper overtime rate. Because Defendant knew, or showed reckless disregard for whether its pay practices violated the FLSA, Defendant owes these wages for the past three years.

30. Defendant owes Levy and the other similarly situated Day Rate Workers an amount equal to the unpaid overtime wages as liquidated damages.

31. Defendant owes Levy and the other similarly situated Day Rate Workers are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

**Defendant Failed to Keep Accurate Records of Time Worked**

32. The FLSA requires employers to keep accurate records of hours worked by non-exempt employees. 29 USC Sec. 211(c).

33. In addition to the pay violations of the FLSA identified above, Defendant also failed to keep proper time records as required by the FLSA.

**PRAYER**

**WHEREFORE,** Plaintiff, individually, and on behalf of all similarly situated employees, prays for relief as follows:

1. An order designating the FLSA class as a collective action, allowing this action to proceed as a representative collective action under the FLSA and authorizing notice pursuant to 29 USC Sec. 216(b) to the class of similarly situated employees as described above, a/k/a all Solids control operators / Closed Loop operators or persons with similar titles to permit them to join this action by filing a written notice of consent;

2. Judgment awarding Levy and the other similarly situated Day Rate Workers all unpaid overtime compensation, liquidated damages, attorney's fees, costs and expenses under the FLSA;

3. An order appointing Levy as a class representative and his counsel as Class Counsel to represent the interests of the FLSA Class;

4. Pre-judgment interest and post-judgment interest; and

5.  All such other and further relief as may be necessary and appropriate and to which Levy and the other Day Rate Workers may show himself/themselves justly entitled.

<div style="margin-left:40%">

**Respectfully Submitted,**

**By: /s/ Adam Poncio**
**Adam Poncio**
**State Bar No. 16109800**
**PONCIO LAW OFFICES**
**A Professional Corporation**
**5410 Fredericksburg Rd., # 109**
**San Antonio, Texas 78229-3550**
**Telephone:    (210) 212-7979**
**Facsimile:    (210) 212-5880**

**Chris McJunkin**
**State Bar #13686525**
**2842 Lawnview**
**Corpus Christi, Tx. 78404**
**Tel: (361) 882-5747**
**Fax: (361) 882-8926**

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of August, 2014, a copy of the foregoing document was electronically filed.  Notice of this filing will be sent to counsel of record for all parties by operation of the Court's Electronic Filing System:

William Stukenberg
Jeff Barnes
Jackson Lewis PC
Wedge International Tower
1415 Louisiana, Suite 3325
Houston, Texas 77002
713-650-0404 Telephone

　　　 /s/ Adam Poncio
　　　 Adam Poncio