IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GEORGE LEVY, ET AL. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:14-CV-00580-OLG |
| | § | |
| AERION RENTAL SERVICES, LLC | § | Jury Demanded |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS (Dkt 5)**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, George Levy, individually, and on behalf of similarly situated present and former employees, hereinafter referred to as "Plaintiffs", and files this response to Defendant AERION RENTAL SERVICES, LLC.'s Motion to Dismiss (Dkt 5), and would show unto the Court the following:

### SUMMARY

1. Aerion Rental Services, LLC employs workers to businesses in the oil drilling industry that provide services in the area of solids control. Some of these workers are paid a flat amount for each day they work. These are day rate workers who regularly work more than 40 hours per week but are only paid a flat rate for the days they work. They are not paid proper overtime and/or wages.

2. Defendant's practice of paying workers a day rate, with no overtime pay, violates the Fair Labor Standards Act (FLSA). This collective action seeks to recover the unpaid wages and other damages owed to these workers, including liquidated damages and attorneys' fees.

3. Plaintiff filed his original complaint on June 27, 2014 (Dkt 1). Afterwards, he requested issuance of summons against Defendant AERION RENTAL SERVICES, LLC., and summons was issued on July 3, 2014 (Dkt 2 and 3). Service was requested by serving registered agent for service, as registered with the Secretary of State:

>Ben Bernard
>Registered Agent for Aerion Rental Services, LLC
>102 Annonce St.
>Lafayette, La. 70507

Summons was returned executed and served on July 17, 2014 (Dkt 4).

4. Subsequently, Defendant objected and filed a Motion to Dismiss asserting that Defendant was not properly served in that the citation was served by an employee of Plaintiff's firm and Bernard was the President of the Company, without recognizing that Bernard was also the agent for service (See Motion Dkt 5). Defendant did not recognize that Mr. Bernard was the registered agent for service, asserting that Defendant was served by only improperly serving its President.

5. As a result, Summons was again requested and issued on August 7, 2014 (Dkt. 8 and 9). Defendant was reserved by an independent process server, Scott C. Frank, by personally serving its registered agent, Mr. Bernard, on August 14, 2014 (See Dkt 10), which satisfies and eliminates any argument raised in the Motion to Dismiss, which Motion should be denied. The agent was properly served well within the 120 day period allowed for service under Rule 4(m).

### ARGUMENT AND AUTHORITIES

    A.      **Legal Standard**

6. Rule 4(m) of the Federal Rules of Civil Procedure requires service to be made within 120 days of filing the complaint.[1] If the plaintiff shows good cause for failure of service, then the district court "must extend the time for service for an appropriate period."[2] In determining

good cause, the Fifth Circuit has generally held "one is required to be diligent in serving process, as well as pure of heart, before good cause will be found."[3] If good cause is not shown, the district court must either "dismiss the action without prejudice against that defendant or order that service be made within a specified time."[4] As a result, the Fifth Circuit requires the district court to first determine if good cause is present, and if not, then it may extend time for service at its discretion upon consideration of other circumstances including Defendants' attempts to avoid service.[5]

**Plaintiff has Shown Good Cause, Therefore, Court Should Extend Time for Service for an Appropriate Period If Necessary**

7. Plaintiff has diligently in good faith attempted service on Defendant during the 120 day time period with regard to the first attempt and first service. Due to clerical error, the summons was initially mailed by certified mail to the registered agent for service. The summons was mailed by counsel's office directly to the agent as opposed to service through a process server. Regardless, the Defendant was subsequently served through a process server by personal service on the same registered agent, the President of the Company. Service was properly made within the 120 day period. Clearly Plaintiff has shown diligence and "a pure heart" in attempting to comply with Rule 4(m).[6]

---

[1] FED. R. CIV. PROC. § 4(m).
[2] *Id.*
[3] *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1022 (5th Cir.1995); *see also DirecTV, Inc. v. Chan,* 2004 WL 2616304, *4 (W.D.Tex. 2004) (finding plaintiff had good cause due to several diligent attempted services on defendant).
[4] *Resolution Trust*, 41 F.3d at 1022.
[5] *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) (*citing Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298 (3d Cir. 1995) (holding that additional circumstances such as a defendant evading service may provide a reason for the district court to exercise its discretion in extending time for service)).
[6] *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1022 (5th Cir.1995); *see also DirecTV, Inc. v. Chan,* 2004 WL 2616304, *4 (W.D.Tex. 2004) (finding plaintiff had good cause due to diligent attempted service on defendant).

**If Necessary The Court Should Grant Additional Time Period for Service**

8. Defendants' Motion to Dismiss should be denied in favor of an extension to time pursuant to Rule 4(m) if necessary.[7] The Plaintiff has shown good cause as required and therefore the Court must extend time for service if necessary. Regardless, the court should deny Defendants' Motion to Dismiss because Defendant was properly served within the 120 day period.

## PRAYER

9. **WHEREFORE,** Plaintiff, individually, and on behalf of all similarly situated employees, prays for relief as follows:

10. An order denying the motion to dismiss or alternatively extending the time for service if necessary; and

11. All such other and further relief as may be necessary and appropriate and to which Levy and the other Day Rate Workers may show himself/themselves justly entitled.

---

[7] *Gartin v. Par Pharmaceutical Companies, Inc.*, 561 F.Supp.2d 670, 682 (E.D.Tex. 2007) (analyzing a motion to dismiss under 12(b)(5) based on the requirements of Rule 4(m)); *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1022 (5th Cir.1995).

**Respectfully Submitted,**

**By: /s/ Adam Poncio**
**Adam Poncio**
**State Bar No. 16109800**
**PONCIO LAW OFFICES**
**A Professional Corporation**
**5410 Fredericksburg Rd., # 109**
**San Antonio, Texas 78229-3550**
**Telephone:     (210) 212-7979**
**Facsimile:     (210) 212-5880**

**Chris McJunkin**
**State Bar #13686525**
**2842 Lawnview**
**Corpus Christi, Tx. 78404**
**Tel: (361) 882-5747**
**Fax: (361) 882-8926**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 21st day of August, 2014, a copy of the foregoing document was electronically filed.  Notice of this filing will be sent to counsel of record for all parties by operation of the Court's Electronic Filing System:

William Stukenberg
Jeff Barnes
Jackson Lewis PC
Wedge International Tower
1415 Louisiana, Suite 3325
Houston, Texas 77002
713-650-0404 Telephone

                                /s/ Adam Poncio
                              Adam Poncio